**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: | &#124; | Chapter 7 |
| | &#124; | |
| **CLYDE A. LONG, JR. AND** | &#124; | |
| **LATOYA L. LONG,** | &#124; | **Case No. 13-60044** |
| | &#124; | |
| Debtors. | &#124; | |
| | &#124; | |
| **CRYSTAL D. LEWIS,** | &#124; | |
| | &#124; | |
| Plaintiff, | &#124; | |
| | &#124; | |
| v. | &#124; | **Adversary Case No. 13-06030** |
| | &#124; | |
| **CLYDE A. LONG, JR.,** | &#124; | |
| | &#124; | |
| Defendant. | &#124; | |

**MEMORANDUM OPINION DENYING PLAINTIFF'S ACTION FOR
DETERMINATION OF A DEBT AS NON-DISCHARGEABLE**

Crystal Lewis filed this Adversary Proceeding complaint against Clyde Long to

determine, pursuant to 11 U.S.C. § 523(a)(6), the dischargeability of his debt to her. This opinion

follows a trial on the merits. Mr. Long is a debtor in this Court, and Ms. Lewis has voluntarily

brought this section 523(a)(6) action asking the Court to adjudicate the merits of her complaint to

except her debt from the discharge in Mr. Long's bankruptcy case. This Court has subject matter

jurisdiction over this case pursuant to 28 U.S.C. § 1334 and authority to hear this case pursuant

to 28 U.S.C. § 157(b), Fed. R. Bankr. P. 7056, and the Western District of Virginia District Court

General Order of Reference.[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) to

---

[1]     *See* Order of Reference December 6, 1994; and Western District of Virginia District Court Local Rule 3.

determine the dischargeability of a particular debt.[2] After consideration of the record, arguments

of the parties, and evidence and motions presented at trial, the Court makes the following

findings of fact and conclusions of law[3] as to Ms. Lewis's case-in-chief.

## BACKGROUND

This case originates from rather disturbing and troubling facts. Mr. Long and Ms. Lewis

were involved sexually at various times in 1999 and 2000. During the course of their sexual

relationship, Mr. Long was twenty-two or twenty-three years of age, while Ms. Lewis was

twelve or thirteen years of age. Trial Transcript at 4: 21–25, *Lewis v. Long (In re Long)*, No. 13-

06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 17, hereinafter "Trial Tr.". The parties

conceived a child, who was born in November of 2000. *Id.*

In connection with the sexual relationship, Mr. Long plead guilty to two counts of carnal

knowledge under section 18.2-63 of the Code of Virginia. Plaintiff's Exhibit 2, *Lewis v. Long (In*

*re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 16. Mr. Long's criminal action

is not before this Court. Following Mr. Long's criminal conviction, Ms. Lewis filed a civil suit in

the Circuit Court of Culpepper County alleging intentional infliction of emotional distress,

sexual assault and battery, and carnal knowledge of a minor. Plaintiff's Exhibit 4, *Lewis v. Long*

*(In re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 16. Mr. Long did not make

any appearance in that case until he appeared *pro se* at the default judgment hearing. Plaintiff's

Exhibit 5, *Lewis v. Long (In re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No.

16. The Circuit Court entered a default judgment on liability and set the matter for a jury trial to

determine damages. *Id.*

---

[2]     The dispute in this case turns on whether the debt that the plaintiff holds may be discharged in the
defendant's bankruptcy case. This question stems from the bankruptcy case and requires the application of
bankruptcy law. The Court concludes that it has authority to issue a final ruling in this core proceeding.

[3]     The Court makes these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052.

Prior to initiaing the jury trial proceeding, Mr. Long, *pro se*¸ and Ms. Lewis, through counsel, executed a promissory installment note with a confession of judgment. Plaintiff's Exhibit 6, *Lewis v. Long (In re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 16. Judgment on the promissory note is the underlying debt in this matter.

## PROCEDURAL HISTORY

Mr. Long filed for Chapter 7 relief with this Court on January 10, 2013. Ms. Lewis filed her complaint against Mr. Long in this Adversary Proceeding on April 1, 2013, seeking a determination that the debt owed her by Mr. Long is non-dischargeable under 11 U.S.C. § 523(a)(6). The Court held a pre-trial conference with the parties on May 20, 2013. Following the pre-trial conference, neither party submitted briefs or memoranda of law prior to trial on October 21, 2013. During the trial and at the close of Plaintiff's evidence, Mr. Long moved to strike. Trial Tr. 25: 3–4[4]. After hearing arguments on the motion to strike, the Court took the motion under advisement and allowed Mr. Long to put on evidence in his defense. At the close of the trial, the Court took the matter under advisement.

## DEFENDANT'S RULE 52(C) MOTION

At the close of Plaintiff's evidence, Mr. Long moved to strike. Trial Tr. 25: 3–4. Mr. Long argued that Ms. Lewis had failed to present sufficient evidence for the Court to find in her favor. In particular, Mr. Long argued that Ms. Lewis had failed to present any evidence of intent as required to succeed under 11 U.S.C. § 523(a)(6).

Although a motion to strike does not exist within the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure, Rule 52(c) is applicable and is consistent with Mr. Long's Motion to Strike. *See* FED. R. BANKR. P. 7052 (incorporating FED. R. CIV. P. 52). Under Rule 52(c), "[i]f a party has been fully heard on an issue during a nonjury trial and

---

[4]      "Your Honor, at this point I'm going to make a Motion to Strike." Trial Tr. 25:3-4.

the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable ruling on that issue." *Id.* The Court interprets Mr. Long's Motion to Strike as a Motion for Judgment on Partial Findings under Rule 52(c), incorporated by Federal Rule of Bankruptcy Procedure 7052.

A Motion for Judgment on Partial Findings is applicable to non-jury trials, such as the case before this Court. *See* FED. R. CIV. P. 52 advisory committee's note. Rule 52(c) authorizes a court to enter judgment at any time the court can make a dispositive finding appropriately on the evidence. *Id.* Congress enacted subsection (c) to replace part of Rule 41(b), which previously permitted a court to dismiss a case at the close of plaintiff's evidence if the plaintiff had failed to carry her burden. *Id.* Mr. Long moved the Court at the close of Ms. Lewis's evidence, which was appropriate timing considering that Ms. Lewis was given the opportunity to present any and all evidence for the Court to consider in ruling on her complaint.

A court may grant Judgment on Partial Findings if a party has been fully heard on an issue, the Court finds against the party on the issue, and a favorable ruling on the issue is necessary for a judgment in the party's favor. *See* FED. R. CIV. P. 52(c). The Court must assess and weigh the evidence presented and render judgment if the evidence is insufficient to support the claim or defense. *See Carter v. Ball*, 33 F.3d 450, 457 (4th Cir. 1994); *Cherrey v. Thompson Steel Co.*, 805 F. Supp. 1257, 1261 (D. Md. 1992); *Rawat v. Hamil (In re Hamil)*, 453 B.R. 812, 814 (Bankr. W.D. Va. 2011); *In re Modanlo*, 413 B.R. 262, 265 (Bankr. D. Md. 2009). The Court is not to make any special inferences in considering the evidence; rather, the Court "is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." *Cherrey*, 805 F.Supp. at 1261 (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2371 (1971)). The Court's determination must be supported by specific findings of fact and conclusions of law. *In re Modanlo*, 413 B.R. at 266.

In this case, Mr. Long's request to strike is a request for Judgment on Partial Findings under Rule 52(c). The Court did not empanel a jury and gave Ms. Lewis the opportunity to present her case. The timing is appropriate for the Court to make dispositive findings on her evidence. In determining whether Mr. Long is entitled to judgment, the Court must assess Ms. Lewis's evidence and determine if it is sufficient to support a finding that the debt owed her is non-dischargeable under 11 U.S.C. § 523(a)(6). If it is not, Mr. Long is entitled to judgment under Rule 52(c). Based on the evidence presented by Ms. Lewis at trial, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

In addition to the facts outlined above, the Court finds the following facts to be relevant and proven by the evidence presented by Ms. Lewis at trial.

Mr. Long admitted that he is the father and Ms. Lewis is the mother of Diamond Lewis. Plaintiff's Exhibit 9 at ¶¶ 3–5, *Lewis v. Long (In re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 16. Mr. Long further admitted pleading guilty to two counts of carnal knowledge under section 18.2-63 of the Code of Virginia. *Id*. at ¶ 10.

Mr. Long admitted that he appeared in court on the day the court entered the default judgment in the state court proceeding with Ms. Lewis. Trial Tr. 20: 16–18. Mr. Long further admitted that the judge in the state court proceeding asked him some questions prior to entering the default. *Id*. at 20: 19–24. The contents of those questions and Mr. Long's answers were never presented. Mr. Long, however, testified that after answering the judge's questions, the judge entered default because Mr. Long lacked any statutory basis to prevent entry of default. Trial Tr.

20: 24–21: 2.  The remainder of Ms. Lewis's evidence pertained primarily to establishing the facts and timeline associated with the parties' relationship. *See* Trial Tr. 12: 5–19: 2. Ms. Lewis's contention is that the state court proceeding should be given preclusive effect under Virginia's doctrine of collateral estoppel. *Id.* at 22: 23–23: 8. The Court will address this contention.

## CONCLUSIONS OF LAW

### <u>Collateral Estoppel</u>

A state court judgment can collaterally estop the litigation of issues in non-dischargeability proceedings. *Chun Song v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006). To determine whether such a judgment is given preclusive effect, the Court must apply the relevant state law of collateral estoppel for the state that rendered the judgment. *Id. See also, Reed v. Owens (In re Owens)*, 449 B.R. 239, 250 (Bankr. E.D. Va. 2011) (citing cases). In this case, Ms. Lewis received a default judgment by the Circuit Court of Culpepper County. The Court shall apply Virginia's law of collateral estoppel.

The seminal case in Virginia is *TransDulles Center, Inc. v. Sharma*, 472 S.E.2d 274 (Va. 1996). A party invoking collateral estoppel must prove five elements:

> (1) the parties to the two proceedings must be the same or in privity; (2) the prior proceeding must have resulted in a valid and final judgment against the party against whom preclusion is sought or his privity; (3) the factual issue to be precluded must have been actually litigated in the prior proceeding; (4) the factual issues to be precluded must have been essential to the judgment in the prior proceeding; and (5) there must be mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result.

*In re Duncan*, 448 F.3d at 728 (quoting *TransDulles*, 472 S.E.2d at 274) (internal quotations omitted). Furthermore, the issue to be precluded must be identical to an issue decided in the prior proceeding. *Id*. (citing cases).

6

Elements one, two, and five of this framework present no difficulty. Both Mr. Long and Ms. Lewis were the same parties to the state court proceeding, and the proceeding resulted in a valid default judgment and damage settlement.[5] Finally, that decision and settlement bound the parties to the terms of that judgment and agreement as permitted by law. The third and fourth elements of the analytic framework, however, are more difficult to answer. The preclusive effect of the state court proceeding will turn on whether the issue to be precluded was: 1) actually litigated in and 2) necessary to the state court proceeding.

The existence of a default judgment in the first matter does not preclude a second court from determining that a matter was "actually litigated" in the first instance despite its resolution by default. *In re Owens*, 449 B.R. at 251 (citing *TransDulles*, 472 S.E.2d at 276) ("The existence of a default judgment in the first proceeding, rather than a judgment on the merits, does not automatically prevent the application of collateral estoppel in the second proceeding under Virginia law."). If the judgment in the first proceeding was by default, the second court must independently determine whether the issue to be precluded was actually litigated in the first case despite the entry of default. *In re Owens*, 449 B.R. at 251. A court must look to the parties' actions prior to entry of the default judgment to determine whether to apply collateral estoppel. *Id*. at 252 (relying on *Pahlavi v. Ansari (In re Ansari)* 113 F.3d 17, 21 (4th Cir. 1997)).

In *TransDulles*, the defendant failed to appear personally or by counsel at a dispositive hearing. 472 S.E.2d at 276. At that hearing, the court entertained testimonial and documentary

---

[5]     Ms. Lewis was not a party to Mr. Long's criminal plea agreement and, therefore, mutatuality does not exist as to that proceeding. The lack of mutuality is the primary reason that Virginia courts have established that criminal judgments, whether by plea or adjudication, have no preclusive effect in subsequent civil litigation. *Prosise v. Haring*, 667 F.2d 1133, 1139 (4th Cir. 1981). Cases involving guilt by plea agreement have the additional deficiency that the issues were never litigated. *Id.* at 1139–40. Without mutuality or actually litigated issues, Mr. Long's plea agreement with the Commonwealth of Virginia cannot have preclusive effect in this proceeding as to the issues related to non-dischargeability of his debt to Ms. Lewis.

     Although a defendant may be estopped on evidentiary grounds from denying facts necessary to establish the elements of the offense, we need not answer this question because Mr. Long has admitted, in this proceeding, to the facts necessary to establish guilt under section 18.2-63 of the Code of Virginia.

evidence by the plaintiff before entering default in the opposing party's favor. *Id*. In further

proceedings, the defendant argued that for collateral estoppel to apply, he had to personally

appear at the hearing to contest the issue. *Id*. The Supreme Court of Virginia, however, rejected

that premise. The court determined that the evidence presented by plaintiff in the first

proceeding[6] was sufficient to determine that the issue had been litigated despite defendant's

failure to appear at the dispositive hearing. The court, therefore, held that the state court's default

judgment was entitled to preclusive effect. *Id.*

The Fourth Circuit had the opportunity to consider a similar issue in the case of *In re*

*Ansari*. In *Ansari*, the defendant lost in state court after he abused the discovery process and

engaged in actions designed to delay an accounting. 113 F.3d at 18. Due to the defendant's

actions, the state court default judgment ordered that plaintiff's allegations were to be taken as

true. *Id*. The defendant filed for bankruptcy shortly thereafter, and the creditor brought suit

seeking non-dischargeability. *Id.* at 19. The Fourth Circuit, applying *TransDulles*, held that the

default judgment was entitled to preclusive effect because multiple depositions were taken,

numerous documents were exchanged, many hearings were held and attended by both parties,

and, as such, the parties had "certainly engaged in more extensive and two-sided litigation of the

relevant issues" than was the case in *TransDulles*. *Id.* at 21.

Not long ago, the United States Bankruptcy Court for the Eastern District of Virginia

heard a similar case the Court believes is informative. In *In re Owens*, the plaintiff sued the

debtor in state court for injuries sustained from his negligent and intentional torts. 449 B.R. at

243. The debtor failed to appear at the dispositive hearing and did not respond to the law suit. *Id*.

---

[6]        "Testimonial and documentary evidence was presented *ex parte* in the district court hearing. The circuit
court record established that proof was presented in the district court through a bookkeeper for the [plaintiff] … and
through the [plaintiff's] attorney, who presented lease and other documents including an affidavit supporting the
attorney's fees claimed." *TransDulles Center, Inc. v. Sharma*, 472 S.E.2d 274, 276 (1996).

The parties did not engage in pre-trial discovery, but the plaintiff did present evidence to the state court in the debtor-defendant's absence. *Id.* at 252. The debtor-defendant filed bankruptcy shortly thereafter, and the plaintiff brought an action in the bankruptcy court to determine that the debt was non-dischargeable under 11 U.S.C. § 523(a)(6). *Id.* at 242. The bankruptcy court then was forced to determine whether the state court default judgment should be given preclusive effect. *Id.* at 250.

The *Owens* court started its preclusion analysis by distinguishing its facts from those in *In re Ansari*. Without pre-trial discovery, the bankruptcy court determined that there was little in common between the two cases. *In re Owens*, 449 B.R. at 252. The court then compared its facts with *TransDulle*s: both involved absent defendants and the presentation of evidence before the state court by plaintiffs. *Id*. The *Owens* court, however, determined that its state court default judgment was not entitled to preclusive effect because the state court record before it was not complete. *Id.*

The *Owens* court held that collateral estoppel was only appropriate when the record before the second court is complete. *In re Owens*, 449 B.R. at 252. The state court record contained merely a motion for judgment and the state court's judgment order. *Id.* at 253. From this evidence, the bankruptcy court was unable to determine with certainty what issues were actually litigated in the state court proceeding; particularly, whether plaintiff's alleged assault and battery was actually litigated to a degree sufficient to meet the standard of proof required by 11 U.S.C. § 523(a)(6). *Id.* According to *Owens*, without detailed findings by the first court, collateral estoppel should only apply if the bankruptcy court can determine with precision what issues were actually litigated and determined, as well as the legal standard employed. *Id.* (quoting *Viener v. Jacobs (In re Jacobs)*, 381 B.R. 128, 144 (Bankr. E.D. Pa. 2008)). The

rationale for this requirement in the bankruptcy context stems from the fact that actions under

section 523(a)(6) require proof of an intent to injure, not just an intent to act. *Kawaauhau v.*

*Geiger*, 523 U.S. 57, 61 (1998). With this proof requirement, section 523(a)(6) applies to a

narrower subset of tortious conduct than just intentional torts generally.[7] *Williams v. Int'l Bhd. of*

*Elec. Workers Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003) (citing *Miller v.*

*J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 604 (5th Cir. 1998) (cited approvingly by

*Parsons v. Parks (In re Parks)*, 91 Fed. App'x 817, 819 (4th Cir. 2003))).

The state court's order merely stated, "the evidence of the plaintiff being heard, the Court

entered judgment for the plaintiff against the defendant in the amount of $100,000." *In re Owens*,

449 B.R. at 253. Based on the record before it, the *Owens* court was unable to find that the issue

of the debtor-defendant's intent to injure or intent to deliberately cause injury to plaintiff was

ever litigated. *Id.* The court, therefore, declined to give the state court judgment preclusive effect

under the doctrine of collateral estoppel. *Id.*

Like *Owens*, this case is distinguishable from the facts of *Ansari*. The record before the

Court presents no evidence of the parties engaging in depositions, the exchange of documents,

extensive pre-trial hearings or activity, or any pre-trial appearance by Mr. Long in the state court

action. Ms. Lewis provided the Court with evidence of the state court complaint, default

---

[7]        The proof required by section 523(a)(6) dictates that more is required than just an underlying intentional
tort; an intentional injury is required. In connection with Ms. Lewis's collateral estoppel arguments, Ms. Lewis
argued that Mr. Long has admitted in this and prior proceedings that he committed intentional torts against Ms.
Lewis, and, therefore, cannot deny an intent to injure. Such an admission, regardless of its characterization, is not
sufficient to show the intent required by section 523(a)(6) because such intent may be present in some, but not all
intentional torts. For example, under Virginia law, conduct that is intentional or reckless is all that is required to
establish the intent requirement of intentional infliction of emotional distress (an intentional tort). *Almy v. Grisham*,
639 S.E.2d 182, 189 (Va. 2007). Yet, intentional or reckless conduct is not sufficient to establish the intent required
under section 523(a)(6). *See Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (holding that a mere deliberate or
intentional act that causes injury is not sufficient to establish willfulness in the context of 11 U.S.C. § 523(a)(6)).
        Even if the Court were to consider the specific tortious conduct alleged by Ms. Lewis in state court, those
allegations are devoid of any allegation that Mr. Long had an intent to injure Ms. Lewis. *See* Plaintiff's Exhibit 4 at
¶¶ 16–33, *Lewis v. Long (In re Long)*, No. 13-06030 (Bankr. W.D. Va. Apr. 1, 2013) ECF No. 16. Ms. Lewis's state
court allegations merely alleged that Mr. Long intentionally acted, and, as a result, particular injuries occurred. *Id.*

judgment, and settlement note. This evidence is insufficient to show any form of two-sided litigation of the relevant issues. *See In re Ansari*, 113 F.3d at 21.

Furthermore, this case is distinguishable from both *Owens* and *TransDulles* for the simple fact that Ms. Lewis presented no evidence to the state court on which the state court could have based its default judgment. According to the default judgment order, the state court based its decision on the fact "that more than twenty-one days [had] elapsed since personal service of process upon [Mr. Long] and that [Mr. Long had] failed to file responsive pleadings or make an appearance in [the] action in a timely fashion, although [he] appeared in person [on the date of the entry of the default]." Plaintiff's Exhibit 5, *In re Long*, No. 13-06030, ECF No. 16. The order, however, makes no reference to Ms. Lewis's presentation of any evidence – testimonial, documentary, or otherwise – on any of her state law tort claims.

On the other hand, Mr. Long did appear *pro se* at the dispositive hearing and answered questions for the court. Yet, Ms. Lewis has failed to produce evidence of the conversation between Mr. Long and the court. The state court's default order is silent as to the nature of that conversation. *Id.* According to Mr. Long's undisputed testimony before this Court, the basis for the state court's ruling was that he had no statutory basis to object to the entry of the default. Trial Tr. at 20:19 – 21:2. The state court's decision to enter default judgment was based, therefore, not on any substantive finding on Ms. Lewis's state law causes of action but, rather, on a procedural technicality that Mr. Long could not refute.

While factually different from *TransDulles*, the principle of that case is applicable in this matter. Presence at a dispositive hearing is not sufficient to determine that a default judgment was actually litigated. *See TransDulles*, 472 S.E.2d at 276. The Court "must look to the actions of the parties prior to entry of that default judgment," *In re Owens*, 449 B.R. at 252 (relying on

*In re Ansari*, 113 F.3d at 21), as well as the completeness of the record before it, to determine whether a state court default judgment was actually litigated. *In re Owens*, 449 B.R. at 252–53. Mr. Long's mere presence at the hearing on default is not sufficient, given the state court record, for this Court to conclude that the issues in the state court proceeding were ever litigated. The record of the state court proceedings is devoid of any evidence of litigation on the merits or Mr. Long's participation prior to entry of the default. As such, the Court cannot determine with any precision which issues were litigated, if any, or what legal standards were employed. *See In re Owens*, 449 B.R. at 252 (quoting *In re Jacobs*, 381 B.R. at 144). Without proof of the issues litigated in the underlying state court action, the Court will not, and cannot, give preclusive effect to the issues raised by Ms. Lewis's state court action against Mr. Long. Ms. Lewis, therefore, must rely on the facts presented at trial to succeed on her section 523(a)(6) action.

Even if the state court record was sufficient for the Court to determine that the default judgment was acutally litigated, the Court would still have to consider whether the factual issue to be precluded was essential to the state court judgment. According to Ms. Lewis, the default judgment precludes the Court from determining that the requirements of section 523(a)(6) have not been met. The Court disagrees.

To be essential to the initial judgment, the issue to be precluded must be identical to an issue litigated in the state court proceeding. *In re Duncan*, 448 F.3d at 729. Under section 523(a)(6), the determinative issue is whether the debtor intended to injure the plaintiff, rather than merely intending the act causing injury. *Id.* None of Ms. Lewis' state law causes of action – intentional infliction of emotional distress, sexual assault and battery, or carnal knowledge of a minor – however, require a showing that Mr. Long intended to injure Ms. Lewis.

Under Virginia law, intentional infliction of emotional distress requires, in part, a showing that the tortfeasor engaged in conduct that was intentional or reckless.[8] *Almy v. Grisham*, 639 S.E.2d 182, 189 (Va. 2007). Neither intentional conduct, nor reckless conduct requires the same proof as an intent to injure. Therefore, Ms. Lewis's intentional infliction of emotional distress claim did not involve an identical issue to her complaint before this Court.

Likewise, Ms. Lewis's civil law causes of action for sexual assault and battery, as well as carnal knowledge of a minor, to the extent recognized under the common law of Virginia as torts distinct from common law assault and battery, would not have required Ms. Lewis to prove that Mr. Long committed those acts with an intent to injure.[9] In *Kidwell v. Sheetz, Inc.*, 982 F.Supp. 1177 (W.D. Va. 1997), the Western District of Virginia held that Virginia recognizes a distinct cause of action for sexual assault and battery. 982 F.Supp. at 1185; *see also N.G. ex rel. D.G. v. Schefer Cir. Ct. of Fauqier Cnty.*, 72 Va. Cir. 239 (Va. Cir. Ct. 2006) (applying *Kidwell*). In doing so, the court determined the cause of action's elements through analogy to the elements required to prove sexual battery in the criminal context. *Kidwell*, 982 F.Supp. at 1185.

The *Kidwell* court's analysis, however, stopped short of articulating the intent requirement of this distinct tort. *Id.* Like *Kidwell*, this Court will look to section 18.2-67.4 of the Code of Virginia for guidance as to what intent is required by this cause of action. Under

---

[8] "A claim for intentional infliction of severe emotional distress requires proof of severe emotional distress proximately caused by a defendant's outrageous conduct that is intentional or reckless." *Almy*, 639 S.E.2d at 189 (citing *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006)).

[9] As of the date of this opinion, the Supreme Court of Virginia has yet to recognize sexual assault and battery as an independent tort distinct from common law assault and battery. Lower state courts, however, have decided to follow case law from the District Court for the Western District of Virginia holding that the Virginia Supreme Court would in fact recognize sexual assault and battery as a cause of action distinct from the common law tort of assault and battery. *Kidwell v. Sheetz, Inc.*, 982 F.Supp. 1177 (W.D. Va. 1997). For purposes of this opinion, we shall assume that the Virginia Supreme Court would recognize sexual assault and battery as an independent cause of action.

Furthermore, the Court has been unable to find any Virginia case law, state or federal, in which carnal knowledge of a minor was considered a valid, civil cause of action in tort. Giving Ms. Lewis every opportunity to prove her case, we shall assume for purposes of this opinion only that the Virginia Supreme Court would recognize such a cause of action.

Virginia law, a sexual battery is committed if one sexually abuses another against his or her will by force, threat, intimidation, or ruse. Sexual abuse is further defined, in part, as an act committed with the intent to sexually molest, arouse, or gratify any person. VA CODE ANN. § 18.2-67.10 (2013). A cause of action in tort for sexual assault and battery would require a showing of such intent. The intent required to establish sexual assault and battery may, but need not necessarily, include an intent to injure. Because such acts could be committed with the intent to gratify the actor, an intent to injure is not essential to proving sexual assault and battery. Therefore, the issue to be precluded in this case would not be identical to the issue decided by the state court default judgment.

Assuming carnal knowledge of a minor to be a distinct tortious cause of action under Virginia law, the Court is forced to determine the cause of action's intent requirement through reference to the criminal statutes. Section 18.2-63 of the Code of Virginia, however, defines carnal knowledge of a minor as a strict liability offense; no intent is required. Without an intent requirement, the issue of whether Mr. Long intended to injure Ms. Lewis is not identical to the issues addressed with regard to this cause of action and would not have been essential to the state court's default judgment. The state court judgment, therefore, does not support a finding that the issue of intent to injure was necessary to the state court judgment because the issues in Ms. Lewis's causes of action were not identical to the issue of intent before this court. Without identical issues, collateral estoppel is not appropriate.

## Burden of Proof

Federal Rule of Bankruptcy Procedure 4005 assigns the burden of proof to the plaintiff to prove that a debt is non-dischargeable. Dischargeability actions under section 523(a) generally require a plaintiff to prove her case by a preponderance of the evidence. *Grogan v. Garner*, 498

U.S. 279, 286–89 (1991). Such a burden requires a showing that "the existence of a fact is more probable than its nonexistence . . . ." *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotations omitted)). Ms. Lewis, therefore, bears the burden of proving each element of her section 523(a)(6) action by a preponderance of the evidence.

### Elements for Non-Dischargeability under 11 U.S.C. § 523(a)(6)

Section 523(a)(6) provides that a "discharge under section 727 … of this title does not discharge an individual debtor from any debt … for willful and malicious injury by the debtor to another entity or to the property of another entity." The Supreme Court has ruled that section 523(a)(6)'s "willful and malicious injury" requires a showing of an act done with the actual intent to cause injury, not just an act, done intentionally, that causes injury. *Kawaauhau*, 523 U.S. at 61 – 62. This Court and others have held that a party seeking a dischargeability determination under section 523(a)(6) must establish the existence of a willful *and* malicious injury. *Knight v. Eppard (In re Eppard)*, 502 B.R. 458, 465 (Bankr. W.D. Va. 2012). *See also In re Owens*, 449 B.R. at 254; *Ocean Equity Group, Inc. v. Wooten (In re Wooten)*, 423 B.R. 108, 128 (Bankr. E.D. Va. 2010).

Within the Fourth Circuit, willfulness for purposes of section 523(a)(6) has been defined as an act taken "with a substantial certainty that harm would result or a subjective motive to cause harm." *In re Parks*, 91 Fed. App'x at 819 (quoting *In re Miller*, 156 F.3d 598, 603 (5th Cir. 1998)). *See also, In re Eppard*, 502 B.R. at 465; *In re Owens*, 449 B.R. at 254–55; *In re Wooten*, 423 B.R. at 129 (quoting *Singh v. Sohail (In re Sohail)*, 2009 WL 1851247, at *7 (Bankr. E.D. Va. 2009). Likewise, these same courts do not require a plaintiff to show any ill-will, hatred, or

spite to establish malice; rather, all that is required under section 523(a)(6) is that the act caused injury without just cause or excuse. *In re Eppard*, 502 B.R. at 465; *In re Wooten*, 423 B.R. at 129 (citing *Branch Banking and Trust Co. v. Powers (In re Powers)*, 227 B.R. 73 (Bankr. E.D. Va. 1998)). Taking everything together, section 523(a)(6) requires proof that the debtor caused an injury; the injury was without just cause or excuse; and the debtor's actions were substantially certain to cause the harm or were done with a subjective motive to cause the harm.

<u>Review of Ms. Lewis's Evidence in Light of Her Burden of Proof</u>

The facts and issues addressed in the criminal plea agreement and the state court default judgment are not entitled to preclusive effect under the doctrine of collateral estoppel for the reasons set forth above. Ms. Lewis, therefore, cannot rely merely on the disposition of those matters to establish that the debt owed to her is for a willful and malicious injury caused by the debtor. In determining whether she has met her burden, the Court must rely on the evidence presented by Ms. Lewis at trial.

The relevant evidence presented at trial is that Ms. Lewis and Mr. Long had a sexual relationship while the former was twelve or thirteen years of age and the latter twenty-two or twenty-three. In the course of that relationship, the parties conceived a child, who was born in November of 2000. Ms. Lewis provided little other evidence besides the pleadings, judgments, and settlements from the state court civil and criminal matters.

From this evidence, Ms. Lewis has requested this Court to determine that the debt owed her by Mr. Long is non-dischargeable as a debt for a willful and malicious injury. Based on Ms. Lewis's evidence at trial, the Court cannot conclude that Ms. Lewis has established by a preponderance of the evidence that the debt owed to her by Mr. Long is for a willful and malicious injury.

Ms. Lewis did not provide the Court with any evidence of an injury. Ms. Lewis's state court action alleged injuries of severe emotional distress, "physical injury, shame, humiliation, embarrassment, indignity to her feelings, and financial loss." Plaintiff's Exhibit 4 at ¶¶ 19–20, 25, 31–33, *In re Long*, No. 13-06030, ECF No. 16. Ms. Lewis, however, failed to present any evidence of these injuries at trial, nor did she question Mr. Long as to his knowledge of any injuries suffered by Ms. Lewis. While the Court understands that Ms. Lewis may not have wanted to testify, there are various ways Ms. Lewis could have established the existence of an injury that did not involve her testimony.

Furthermore, Ms. Lewis neglected to put on any evidence of intent. In closing arguments, Ms. Lewis argued that intent is not an issue under section 523(a)(6) because willfulness and maliciousness are satisfied by negligence *per se* and/or violation of a criminal statute. Trial Tr. at 80: 9–21. The Court disagrees. The Supreme Court has held explicitly that willfulness under 11 U.S.C. § 523(a)(6) requires a showing of "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau*, 523 U.S. at 61 (emphasis in original). Ms. Lewis's argument confuses this distinction and advocates an understanding of section 523(a)(6) that encompasses intentional *acts* that cause injury. In fact, the Supreme Court used intentional traffic violations – potentially, negligence *per se* – and operation of a motor vehicle while under the influence – violation of a criminal statute – as examples of why willfulness under section 523(a)(6) requires proof of an intentional injury, not just an intentional act. *Id.* at 62.[10] Ms. Lewis's evidence does not establish that Mr. Long's actions were taken with

---

[10]     The Supreme Court stated:

The Kawaauhaus' more encompassing interpretation could place within the excepted category a wide range of situations in which an act is intentional, but injury is unintended, *i.e.,* neither desired nor in fact anticipated by the debtor. Every traffic accident stemming from an initial intentional act—for example, intentionally rotating the wheel of an automobile to make a left–hand turn without first checking oncoming traffic—could fit the description. A "knowing breach of contract"

a substantial certainty of harm or a subjective motive to cause the harm. As such, Ms. Lewis has not shown a willful injury. Without proof by a preponderance of evidence of a willful and malicious injury caused by Mr. Long, Ms. Lewis's complaint for non-dischargeability under 11 U.S.C. § 523(a)(6) must be denied.

Based on the evidence presented at trial, Ms. Lewis would have this Court assume the existence of an injury. Furthermore, Ms. Lewis would have the Court presume that the assumed injury was caused by Mr. Long with an intent to cause such unidentified injury. Ms. Lewis has provided this Court with no evidence of Mr. Long's intentions, beliefs, or mental state. In short, Ms. Lewis is asking the Court to assume, impute, and infer every element of her cause of action. Such an equation cannot result in a finding that it is more likely than not that Ms. Lewis's debt is the result of a willful and malicious injury caused by Mr. Long. Furthermore, to assume, impute, and infer facts, without evidence of such on the record, would be a clearly erroneous exercise. Therefore, Ms. Lewis's evidence is not sufficient to carry her burden of proof.

### Waiver of Dischargeability

The Court is unsure of the extent Ms. Lewis intended to rely on a waiver of dischargeability contained in the confession of judgment. Trial Tr. 32: 19–34: 20. As the Court is unsure and in the interests of providing Ms. Lewis with every opportunity to prove her case, the Court will analyze fully the enforceability of such provisions.

---

could also qualify. A construction so broad would be incompatible with the "well-known" guide that exceptions to discharge "should be confined to those plainly expressed."

Furthermore, "we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." Reading § 523(a)(6) as the Kawaauhaus urge would obviate the need for § 523(a)(9), which specifically exempts debts "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."

*Kawaauhau*, 523 U.S. at 62 (citations omitted).

The promissory note with confession of judgment contains language indicating that Mr.
Long waived dischargeability of the debt. Plaintiff's Exhibit 6 at 3, *In re Long*, No. 13-06030,
ECF No. 16. In particular, the promissory note reads: "This promissory note represents
settlement of [Mr. Long's] intentional torts against [Ms. Lewis] as expressed in that suit, and it is
the parties' understanding and intention that this promissory note for settlement of those
intentional torts may not be discharged in any future bankruptcy by [Mr. Long]." *Id.*

The bankruptcy court is vested with exclusive jurisdiction to determine the
dischargeability of claims arising under section 523(a)(2). *See* 11 U.S.C. § 523(c); *see also*,
*Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 653 (9th Cir. BAP 1998) (citing *Seven Elves, Inc. v.
Eskenazi (In re Eskenazi)*, 6 B.R. 366, 368–69 (9th Cir. BAP 1980) (citing *Brown v. Felsen*, 442
U.S. 127, 138 (1979))). The bankruptcy court must make a determination that a debt is not
dischargeable under section 523(a)(2) notwithstanding a prepetition agreement that purports to
waive dischargeability. *In re Cole*, 226 B.R. at 653.

In general, all debts are dischargeable in bankruptcy, unless specifically excepted by the
provisions of the Code. *Klingman v. Levinson (In re Levinson)*, 58 B.R. 831, 837 (Bankr. N.D.
Ill. 1986). An exception to discharge shall be strictly construed to further the policy of affording
debtors a broad discharge and an effective fresh start. *Id.* (citing *Gleason v. Thaw*, 236 U.S. 558,
562 (1915)). Section 727(b) provides that all debts are dischargeable in bankruptcy, unless
specifically excepted under section 523. 11 U.S.C. § 727(b). Section 523, however, does not
provide for an exception to discharge for debts that a debtor has agreed pre-petition are not
dischargeable.

Outside of section 523's enumerated list of non-dischargeable debts, the Code permits a
debtor to waive discharge of all debts – 11 U.S.C. § 727(a)(10) – or a particular debt – 11 U.S.C.

§ 524(c) – if certain conditions have been met. As this case involves waiver of a particular debt, the Court will consider the requirements of section 524(c).

To waive discharge of a particular debt, a debtor must reaffirm the debt pursuant to section 524(c). *Chilcoat v. Minor (In re Minor)*, 115 B.R. 690, 693 (D.Co. 1990). The waiver is subject to various statutory procedures, standards, and safeguards. *Id.* Courts have required the requirements of section 524(c) be met in order for the waiver of a particular debt to be effective. *In re Minor*, 115 B.R. at 694. These requirements were put in place by Congress due to a continued concern that creditors were unduly pressuring debtors to reaffirm debts. *Id.* (citing *Arnhold*, 851 F.2d at 740–41 & n.2).

After a review of the evidence presented by Ms. Lewis, the Court concludes that the provision contained in the promissory note does not meet the requirements of section 524(c). Although the agreement was entered into prior to Mr. Long's discharge, Ms. Lewis has not presented any evidence that Mr. Long received the disclosures required by section 524(k). *See* 11 U.S.C. 524(c)(2). Furthermore, the agreement was not formally filed with the Court. *Id.* at (c)(3). Therefore, the provision contained in the promissory note executed between the parties does not bar the discharge of the debt, despite the parties' understanding or intentions at the time of its execution.

### CONCLUSION

Mr. Long's Motion for Judgment on Partial Findings is currently before the Court. The Court may grant Mr. Long's Motion if Ms. Lewis has been fully heard on an issue, the Court finds against Ms. Lewis on that issue, and a ruling in favor of Ms. Lewis on that issue is necessary for a judgment in her favor. Ms. Lewis was given an opportunity to present evidence in her favor before resting her case. The Court concludes that Ms. Lewis's evidence is

insufficient to establish by a preponderance of the evidence that the debt Mr. Long owes to her

stems from a willful and malicious injury. To succeed under 11 U.S.C. § 523(a)(6), Ms. Lewis

must prove by a preponderance of the evidence that the debt owed to her by Mr. Long is the

result of a willful *and* malicious injury; Ms. Lewis cannot succeed otherwise under section

523(a)(6). Plaintiff has been fully heard and has failed to present evidence sufficient for the

Court to find in her favor on a necessary element of her cause of action. Therefore, Mr. Long's

Rule 52(c) motion is granted, and he is entitled to judgment in his favor.

To be clear, the holding of the Court is grounded in the lack of evidence presented by Ms.

Lewis at trial regarding the nature of the underlying debt. Nothing in this opinion should be

taken as a *per se* ruling that criminal conduct under section 18.2-63 of the Code of Virginia

cannot be willful or malicious or that debts stemming from such are automatically dischargeable.

The Court must look at the evidence presented in the particular case to determine whether the

plaintiff has proved the elements to a sufficient degree to except the debt from discharge under

11 U.S.C. § 523(a)(6). In this case, the facts presented by Ms. Lewis were not sufficient to

determine that the debt owed to her by Mr. Long was for a willful and malicious injury.

Therefore, the debt Mr. Long owed her is not excepted from discharge under section 523(a)(6).

The Court will enter a contemporaneous order consistent with this memorandum opinion.

Date: January 28, 2014                                    Rebecca B. Connelly
                                                          U. S. Bankruptcy Judge